v.

Gary TOELKE, Sheriff of Franklin County, et al., Defendants–Respondents.

No. 67380.

Missouri Court of Appeals, Eastern District, Division One.

July 25, 1995.

---

Frank Kimberly Carlson, Union, for plaintiff-appellant.

Mark S. Vincent, Union, for defendants-respondents.

GARY M. GAERTNER, Judge.

Appellant, D.K.B., appeals from an order of the Franklin County Circuit Court barring the imposition of civil fines, attorney fees and court costs against respondents Gary Toelke, Michael Copeland, and David Tobben. We reverse and remand.

On December 21, 1992, appellant filed a petition for enforcement of RSMo § 610.010 et seq. (Supp.1992), the Governmental Bodies and Records Act ("the Act"), against respondents Gary Toelke, Sheriff of Franklin County, Michael Copeland, Chief Deputy of the Franklin County Sheriff's Department, and David Tobben, Franklin County Prosecuting Attorney. Appellant claimed respondents refused her repeated requests for a copy of the Sheriff's Department's file on the investigation of her son's death.[1] According to appellant, as the investigation file was available to the public under the Act, respondents' refusal to allow her access to the file constituted a willful violation of the Act. Appellant asked that respondents be ordered to provide her a copy of the file and that they be fined $500 each and held liable for her attorney fees and costs pursuant to RSMo § 610.027 (Supp.1992).[2]

Appellant moved for summary judgment on February 4, 1993. On March 28, 1994, the circuit court entered an order of partial summary judgment. The court found pre-arrest investigation records of a law enforcement agency were not exempt from disclosure under the Act.[3] The court noted: "Although legislative enactments of other states have exempted from disclosure the investigation records of a law enforcement agency, our Legislature has not seen fit to do so. Consequently, the investigation records in the instant case are subject to disclosure as public records." Respondents were ordered to provide appellant with a copy of the file. The court also ruled the issues of possible civil fines, attorney fees, and costs required an evidentiary hearing.

On August 31, 1994—five months after entry of the circuit court's order of partial summary judgment—the following provision was added to RSMo § 610.100: "However, notwithstanding any other provision of law, investigative reports of all law enforcement

1. Appellant's son was found dead from a gunshot wound to the head on May 5, 1991; an autopsy performed at the request and referral of the Sheriff's Department determined the death to be a suicide.

2. RSMo § 610.027.3 states in pertinent part:
Upon a finding by a preponderance of the evidence that a member of a public governmental body has purposely violated sections 610.010 to 610.027, the member may be subject to a civil fine in the amount of not more than five hundred dollars and the court may order the payment by such member of all costs and reasonable attorney fees to any party successfully establishing a violation of sections 610.010 to 610.026.

3. The circuit court also noted the file in question did not disclose the name and address of a crime victim who could identify an assailant not yet in custody. See Hyde v. City of Columbia, 637 S.W.2d 251, 259–263 (Mo.App.W.D.1982).

agencies are closed records until such time as an arrest is made."

The evidentiary hearing on the imposition of civil fines and attorney's fees was held approximately three months after this amendment, on November 23, 1994. At the hearing, respondents filed a motion to dismiss or in the alternative to reconsider, alleging the amendment to RSMo § 610.100 precluded and made moot the remaining issues of fines, fees, and costs.

Agreeing, the circuit court entered an order in favor of respondents on December 1, 1994. The court found the imposition of civil fines and attorney's fees pursuant to RSMo § 610.027 to be a procedural matter relating to the method of enforcing appellant's rights under the Act. The court then stated:

> This [c]ourt finds that the amendment to Section 610.100 RSMo which closed pre-arrest investigative reports of law enforcement agencies may be applied retroactively as to the issue of civil fines and attorneys fees, and consequently, [appellant] is not entitled to the imposition of civil fines and attorneys fees.

Appellant appeals this order, contending the court erred in applying the amendment retroactively to bar her action for civil fines and attorney's fees.

The court's order granting partial summary judgment is not being challenged on appeal. Respondents do not dispute the court's finding that they violated the Act by refusing to give appellant a copy of the investigation file. In fact, respondents have provided appellant a copy of the investigation file as ordered by the court. Our concern is solely with the remedies available to appellant under RSMo § 610.027 for violations of the Act.

█ In their briefs, the parties focus on whether the amendment to RSMo § 610.100 retroactively applied to appellant's cause of action. However, the possible retroactive effect of RSMo § 610.100 is irrelevant for the purposes of this case. The amendment to RSMo § 610.100 did not purport to change RSMo § 610.027 or deprive appellant of any of the remedies listed therein.

█ We note RSMo § 610.027.3, by its use of the term "may," leaves imposition of its remedies to the discretion of the circuit court. Here, however, the court's December 1, 1994, order shows it did not attempt to exercise that discretion. Rather, the court ruled it was precluded from any consideration of the remedial issues, due to the retroactive effect of RSMo § 610.100. In effect, the court ruled it had no discretion to exercise. We find this to be error. The amendment to RSMo § 610.100 had no effect on the availability of remedies under RSMo § 610.027 and did not preclude inquiry into whether respondents' violation of the Act warranted the assessment of fines, attorney fees, and costs against respondents. Appellant was entitled to have the remedial issues at least considered by the court.

The circuit court's December 1, 1994, order is reversed and cause is remanded for a determination, based on the evidence adduced at the November 23, 1994, hearing, as to whether respondents' violation of the Act warranted the imposition of any of the remedies available under RSMo § 610.027, noting, however, that such imposition remains within the circuit court's discretion.

REINHARD, P.J., and CRAHAN, J., concur.